Melinda **BATES,** an individual; Arthur Bates, an individual; and Vanessa Van Muysen, an individual, Plaintiff,

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** a Connecticut corporation, Defendants.

Case No. CV 10–09818 DDP (JCGx).

United States District Court, C.D. California.

April 11, 2011.

James J. Little, J.J. Little and Associates, Los Angeles, CA, for Plaintiff.

Keiko J. Kojima, Melissa M. Cowan, Burke Williams and Sorensen LLP, Los Angeles, CA, for Defendants.

DEAN D. PREGERSON, District Judge.

Defendant Hartford Life and Accident Insurance Company ("Defendant") moves this court to dismiss Plaintiffs' Third, Fourth, and Fifth Cause of Action from Plaintiffs' First Amended Complaint ("FAC"). Defendant also moves this court to strike various portions of Plaintiffs' FAC. Having read the parties' papers, considered the arguments therein, and heard oral argument, the court GRANTS Defendant's motion to dismiss and DENIES Defendant's motion to strike.

## I. Background

In July 2004, Roberta Bates, the mother of Melinda Bates, Arthur Bates, and

Vanessa Van Muysen (collectively "Plaintiffs") purchased an individual insurance policy from Defendant. (Compl. ¶ 7.) Bates designated her three children, i.e. Plaintiffs, as beneficiaries of her Accidental Death and Dismemberment policy. (*Id.* ¶ 9.) Bates paid monthly premiums on her policy. (*Id.* ¶ 10.) In July 2009, Bates tripped and injured herself. (*Id.* ¶ 11.) The injury ultimately led to her death on October 29, 2009. (*Id.* ¶ 13.)

Plaintiffs submitted a claim to Defendant, and in December, Plaintiffs were notified that Defendant had denied their claim for benefits under Bates' insurance policy. (*Id.* ¶ 16.) Plaintiffs then filed suit in state court alleging (1) bad faith and breach of the implied covenant of good faith and fair dealing, (2) breach of contract, (3) negligence, (4) negligent infliction of emotional distress, and (5) an unfair business practice in violation of California Business and Professions Code § 17200. (Dkt. No. 1.) Defendant removed on the basis of diversity of citizenship, 28 U.S.C. § 1441(a). (*Id.*)

## II. Legal Standard

When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). However, Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court properly dismisses a complaint on a Rule 12(b)(6) motion based upon the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under the cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). And, mere conclusions are not entitled to the assumption of truth. *Id.* at 1940.

## III. Discussion

Defendant argues that Plaintiffs' Fifth Cause of Action, brought under the unfair competition law ("U.C.L."), is legally barred because it attempts to enforce a provision of the Unfair Insurance Practices Act ("UIPA"), as stated in California Insurance Code Section 790.03(h), that does not arise to a private right of action. (Def.'s Motion 1:18–28.) Next, Defendant contends that Plaintiffs' Third and Fourth Causes of Action—for negligence and negligent infliction of emotional distress—cannot state a cause of action. Finally, Defendant moves this court to strike Plaintiffs' claims for damages for emotional distress in conjunction with their U.C.L. claim and to strike Plaintiffs' claim for punitive damages in its entirety for failure to plead the claim with sufficient particularity. (Def.'s Motion 2:7–13.) The court addresses each argument in turn.

### A. U.C.L. Claim

The U.C.L. allows for awards of equitable relief in instances of "unfair, unlawful or fraudulent" business practices. Cal. Bus. & Prof. Code § 17200. However, "a plaintiff may not bring an action under the [U.C.L.] if some other provision bars [the action]." *Cel–Tech Comm., Inc. v. Los Angeles Cellular Telephone*, 20

Cal.4th 163, 184, 83 Cal.Rptr.2d 548, 973 P.2d 527 (Cal.1999). That is, "courts may not use the unfair competition law to condemn actions the Legislature permits." *Id.* Here, Defendant contends that Plaintiffs are impermissibly using the U.C.L. to bring a claim for a violation of § 790.03 of the UIPA. The California Supreme Court, however, has held that there is no private right of action under § 790.03, and, therefore, Plaintiffs' U.C.L. claim is barred. (Def.'s Motion 6:4–24.) The court agrees.

California Insurance Code § 790.03 defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. For example, the statute lists as unfair the failure to attempt "in good faith to effectuate prompt, fair, and equitable settlements of claims" as well as "[c]ompelling insureds to institute litigation to recover amounts due under an insurance policy" and "[f]ailing to provide promptly a reasonable explanation of the basis relied on ... for the denial of a claim." West's Ann. Cal. Ins.Code § 790.03 *et seq.* In *Moradi–Shalal v. Fireman's Fund Ins. Co.,* 46 Cal.3d 287, 250 Cal.Rptr. 116, 758 P.2d 58 (1988), the California Supreme Court held that the UIPA does not "create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03 ...." *Id.* at 304, 250 Cal.Rptr. 116, 758 P.2d 58. "The rule applies to both first party and third party claims." *Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh,* 118 Cal. App.4th 1061, 1071, 13 Cal.Rptr.3d 586 (Cal.2004). The *Moradi–Shalal* court went on to explain that:

> the courts retain jurisdiction to impose civil damages or other remedies against insurers in appropriate common law actions, based on such traditional theories as fraud, infliction of emotional distress, and (as to the insured) either breach of contract or breach of the implied covenant of good faith and fair dealing. Punitive damages may be available in actions not arising from contract, where fraud, oppression or malice is proved....

*Id.* at 304–05, 250 Cal.Rptr. 116, 758 P.2d 58.

In *Textron,* the California Supreme Court considered a situation similar to the present matter. *Textron Financial Corp.,* 118 Cal.App.4th at 1071, 13 Cal.Rptr.3d 586. In *Textron,* a plaintiff sought to recover from an insurer under the U.C.L. after the plaintiff was denied coverage. *Id.* In that case, the court held that the plaintiff could not state a cause of action under § 17200 of the U.C.L. against the insurer, since the alleged misconduct was the type of activity covered by the UIPA, which does not provide a cause of action. *Id.* at 1070–71, 13 Cal.Rptr.3d 586.

Here, Plaintiffs' claim under the U.C.L. alleges that Defendant failed to reasonably investigate Plaintiffs' claims and issued a denial of claim without basis. (Compl. ¶ 53.) Plaintiffs maintain that these acts constitute fraudulent, unfair, deceptive, and unlawful practices in violation of the U.C.L. (*Id.* ¶¶ 51–53.) The court, however, finds that these claims are the sort covered by the UIPA. As in *Textron,* "merely alleging these purported acts constitute unfair business practices under the unfair competition law [U.C.L.] is insufficient to overcome *Moradi–Shalal.*" *Id.* at 1071, 13 Cal.Rptr.3d 586. Accordingly, Defendant's Motion to Dismiss Plaintiffs' Fifth Cause of Action for violation of Business and Professions Code § 17200 is GRANTED.

## B. Negligent Infliction of Emotional Distress

Defendant argues that an insurer cannot be sued for negligence related to

the denial of insurance benefits, and, therefore, Plaintiffs' Fourth Cause of Action for negligent infliction of emotional distress must be dismissed.[1] (Def.'s Motion 12:16–28.) Plaintiffs, on the other hand, contend that because they have plead a cause of action for breach of the implied covenant of good faith and fair dealing, they may also bring a related claim for negligent intentional infliction of emotional distress. (Pl's Opp'n 7:8–27.)

 Plaintiffs confuse an independent claim for negligent infliction of emotional distress and the possibility of damages for emotion distress that may be recovered incidental to a bad faith action. Plaintiffs may claim only the later. As Plaintiffs concede, Plaintiffs cannot bring a negligence claim against Defendant on the basis of a denial of an insurance claim. *See, e.g., Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal.App.4th 249, 254, 84 Cal.Rptr.2d 799 (1999) (explaining that "negligence is not among the theories generally available against insurers"). In California "there is no independent tort of negligent infliction of emotional distress." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984, 25 Cal.Rptr.2d 550, 863 P.2d 795 (Cal.1993). Rather, as the California Supreme Court has made clear, "[t]he tort is negligence...." *Id.* Plaintiffs' claims may be actionable as a breach of contract or bad faith claim, and Defendant does not move to dismiss those claims, but Plaintiffs cannot recover under any theory that Defendant "negligently" handled their claim. The court GRANTS Defendant's motion to dismiss Plaintiffs' Fourth Cause of Action for negligent infliction of emotional distress.

Accordingly, any claim for damages—punitive or otherwise—related to Plaintiffs' U.C.L., negligence, and/or negligent infliction of emotional distress are dismissed as moot.

Defendant further argues that Plaintiffs' cannot maintain a punitive damage claim against Defendants related to Plaintiffs' bad faith claim. The court is not persuaded. Plaintiff has plead the claim with sufficient particularity, and the court DENIES Defendant's motion to strike Plaintiffs' punitive damages prayer for relief.

## IV. Conclusion

For the reasons stated above, the court GRANTS Defendant's motion to dismiss Plaintiffs' Third, Fourth, and Fifth Causes of Action for negligence, negligent infliction of emotional distress, and for unfair business practices respectively. The court DENIES Defendant's motion to strike Plaintiffs' claim for punitive damages.

IT IS SO ORDERED.

---

1. All parties are in agreement that Plaintiffs cannot support a cause of action for negligence. Accordingly, the court does not discuss that argument and Defendant's Motion to Dismiss Plaintiff's Third Cause of Action for negligence is GRANTED.